IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 2 5 2010

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

| | | |
|---|---|---|
| JOHN BROADUS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-588-A |
| | § | NO. 4:06-CR-076-A |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration is the motion filed in October 2009 by John Broadus, movant, under 28 U.S.C. § 2255 to vacate or set aside a sentence by a person in federal custody. After having considered such motion and all related and pertinent items, the court has concluded that all relief sought by movant should be denied.

I.

Background

On May 10, 2006, a five-count indictment was filed charging movant in Count One with conspiracy to distribute more than five grams of cocaine base, in Count Two with distribution of more than five grams of cocaine base, in Count Three with distribution of cocaine base, in Count Four with possession with intent to

distribute more than five grams of cocaine base, and in Count Five with possession with intent to distribute more than five grams of cocaine base. On July 21, 2006, movant pleaded guilty to all five counts without the benefit of a plea agreement. On November 22, 2006, the court imposed an aggregate sentence of imprisonment of 360 months on movant based on the convictions resulting from his plea of guilty, consisting of a term of 360 months each as to Counts One, Two, Four, and Five and a term of 240 months as to Count Three, all terms to run concurrently.

Movant appealed to the United States Court of Appeals for the Fifth Circuit contending that this court erred (1) by overruling his objections that the court considered at sentencing information based on hearsay and unsworn statements in violation, movant urged, of his Sixth Amendment right to confront witnesses and (2) by using a criminal-history score in the guideline sentencing calculations that was greater than it should have been because previous criminal offenses of movant were treated separately instead of having been combined as related offenses. The government filed a motion for summary affirmance, which was granted by the Fifth Circuit.

II.

Grounds of the Motion
===

Movant assigned four grounds for relief in his motion: Ground One: "Unknowing and involuntary plea;" Ground Two: "Ineffective assistance of counsel during sentencing;" Ground Three: "Ineffective assistance of counsel on appeal;" and, Ground Four: "Ineffective assistance of counsel during plea negotiations."

He alleged as the factual bases for Ground One that he pleaded guilty only because FBI Agent Jennifer Coffindafer and his counsel assured him that if he did so his sentence would be based only on the drug amounts alleged in the indictment, and that he would have insisted on proceeding to trial if he had known that the court would use at sentencing conduct he had not admitted and that had not been proven by a preponderance of the evidence.

He gave as the factual bases for his Ground Two that his counsel failed to properly challenge the drug weights attributed to him in the presentence report by failing to subpoena the confidential informant and by failing to enter the taped recording of the conversation between movant and the confidential informant.

3

As the factual bases for Ground Three, movant alleged that his appellate counsel "failed to challenge the erroneous denial of acceptance of responsibility, and . . . failed to challenge the erroneous obstruction of justice enhancement." Mot. at 8.

As a factual basis for Ground Four, movant again alleged that Agent Coffindafer and his counsel assured him that if he pleaded guilty his sentence would be based solely on the amount of drugs charged in the indictment. He reasons from that claimed fact that his counsel "could have easily secured a plea agreement for [movant] which included this assurance, i.e., a plea agreement for a specific sentence." Id. at 9. Movant goes on to assert in support of Ground Four that if his counsel had sought such a plea agreement, "there is a reasonable probability that the government would have prepared such an agreement" and that "[h]ad counsel done so, [movant's] sentence would have been significantly less. Id.

On December 23, 2009, the clerk received from movant for filing a document titled "First Amended Petition and Memorandum of Law in Support of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 and Petitioner's Reply to the Government's Responses." Petitioner did not seek, or obtain, leave of court to file an amended petition. Rather, he filed a

motion for extension of time to submit his reply to the government's response to his motion. The court granted the motion by order signed December 4, 2009. However, the order made no mention of the filing of an amended petition. The court assumes that the document the clerk received for filing on December 23, 2009, bearing the title set forth above, was timely filed in the sense that movant delivered it to the prison mail room for filing on or before December 18. Therefore, the court is considering, to the extent appropriate, such document as a reply to the government's response to his motion. However, the court is not giving effect to such document to whatever extent it attempts to assert new or different grounds for relief.

III.

None of the Grounds Has Merit

A. Grounds One and Four

Inasmuch as Grounds One and Four are predicated primarily on an alleged assurance by an FBI agent and movant's lawyer that if he pleaded guilty his sentence would be based solely on the amount of drugs charged in the indictment, the court is combining the discussion as to those grounds.

Normally the court would consider conducting an evidentiary hearing if presented with a plausible contention by a habeas

5

movant that he entered a plea of guilty based on false representations of factors that would be considered at sentencing.  However, the court has concluded that movant's assertion that the FBI agent and his counsel assured him that if he pleaded guilty his sentence would be based only on the drug amounts alleged in the indictment is so implausible, when considered in the light of the record of his criminal case, that a hearing is not required.  Movant's contention is directly contradicted by a sworn answer he made in response to a question directed to him by the court at the hearing when he entered his plea of guilty; and, the conduct of movant and his counsel during and after that hearing are inconsistent with movant's contention.

When asked at the July 21, 2006, plea hearing whether "anyone made any promise or assurance to you of any kind in an effort to induce you to enter a plea of guilty in this case" movant answered, without qualification, "[n]o, sir."  Tr. of Rearraignment Hr'g at 19.  Movant's "no, sir" answer was given immediately after movant heard his attorney explain to the court that movant's "willingness . . . to plead guilty to all of those counts without a plea agreement results from the fact that he is pleading guilty to all of them and there's no point in a plea agreement."  Id.  And, movant's answer followed the court's

explanation to movant that if he were to "decide to plead guilty [his] plea of guilty must not be induced or prompted by any promises . . . ." Id. at 5. The answer was given by movant under oath and after he said that he understood that if he answered any of the court's questions falsely his answers could later be used against him in a prosecution for perjury or making a false statement. Id. at 2.

Obviously, when movant entered a plea of guilty to all counts of the indictment without the benefit of a plea agreement he knew that there was no agreement between him and the government that his sentence would be based solely on the amount of drugs charged in the indictment. He informed the court under oath at the plea hearing that he understood that if he pleaded guilty, and if his plea was accepted, he would be adjudged guilty of all offenses charged by the indictment, that his punishment would be assessed somewhere within the range of punishment provided by statute, and his sentence would be within the range provided by statute. Id. at 24. Movant swore that he had an understanding of exactly what penalties he was subjecting himself to. Id. at 19-22. His understanding included the awareness that if he pleaded guilty he was subjecting himself to a term of

imprisonment that would be at least five years but could be as much as 180 years. Id. at 21.

The court made a point of emphasizing to movant at the plea hearing the importance of the presentence report and the importance of making known to the court anything in the presentence report that movant considered to be inaccurate or an omission from the presentence report of anything movant thought should be included in it. Id. at 8, 9-10. The probation officer included in the presentence report as relevant conduct that increased movant's guideline imprisonment range drug amounts beyond those charged in the indictment. Movant's attorney objected to use of the non-charged drug amounts because movant denied that factually they qualified as relevant conduct of his, but he made no mention in his objections of any claim that inclusion of the drug amounts about which he complained violated any assurance or agreement.

A few days before his sentencing hearing, movant submitted to the court for consideration an affidavit in which he took issue factually with the attribution to him of certain drug amounts. Tr. of Sentencing Hr'g at 84-86, 98, Ct. Ex. 1. Movant said nothing in his affidavit about any understanding with, or assurance by, an FBI agent that if he pleaded guilty his sentence

would be based solely on the amount of drugs charged in the indictment.

After having ruled on the objections of movant to the presentence report, some of which complained that he should not be held accountable for drugs that were taken into account by the probation officer in calculating his guideline sentencing ranges, id. at 59-60, 75-76, 79, the court made known at the sentencing hearing that the court was adopting the findings and conclusions expressed by the probation officer in the presentence report, as modified or supplemented by either of the addenda or any facts found by the court from the bench, id. at 87, and stated on the record the court's conclusions that the total offense level was 42, the criminal history category was IV, and that the guideline imprisonment range in the aggregate was 360 to 2,160 months. After those things were stated in the record, the court invited movant "to make any statement or presentation [he] would like to make on the subject of mitigation, that is, the things [he] think[s] the Court should take into account in determining what sentence to impose, or on the subject of sentencing more generally." Id. at 94. Defendant made a brief statement, but made no mention of any assurance by anyone that his sentence

9

would be limited by the amount of drugs charged in the indictment.

Bearing in mind the facts mentioned above, the court cannot give credit to the claim made by movant for the first time more than three years after the fact that he was misled into entering a plea of guilty by an alleged assurance he contends was given to him by an FBI agent and his attorney.

The feature of movant's Ground One contending that "he would have insisted on proceeding to trial if he had known that the court would use at sentencing conduct he had not admitted and that had not been proven by a preponderance of the evidence" is meritless for more than one reason.  The principal reason is that movant is incorrect in thinking that the court used at sentencing conduct that he had not admitted or that had not been proven by a preponderance of the evidence.  All facts upon which the court relied at sentencing were supported by movant's admissions or a preponderance of the evidence.

Therefore, the court concludes that movant's Grounds One and Four are without merit.

B.   Ground Two

To whatever extent movant's Ground Two is intended to assert that his counsel did not challenge the drug weights attributed to

movant in the presentence report, movant's contention is factually incorrect because his counsel did file objections to those drug amounts, and strenuously urged those objections at the sentencing hearing. To the extent that Ground Two is predicated on his attorney's failure to subpoena a confidential informant or enter a taped recording of the conversation between movant and the confidential informant, the court notes that movant provides no factual basis for any contention that if his attorney had done those things there would have been a different outcome.

C.  Ground Three

Movant's Ground Three lacks merit because if appellate counsel had contended on appeal that this court erred in finding that movant had obstructed justice and had failed to convince this court that he had accepted responsibility, the contentions would have been baseless. Appellate counsel has no obligation to make a baseless assignment of error on appeal. Therefore, movant's Ground Three is without merit.

IV.

Order

For the reasons given above,

The court ORDERS that all relief sought by movant in his

motion under 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED February 25, 2010.

_____
JOHN McBRYDE
United States District Judge